# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

SOUTHWESTERN BELL §
TELEPHONE COMPANY D/B/A §
AT&T TEXAS, §
§
  Plaintiff, §
§
v. § CIVIL ACTION NO. 4:09-CV-1548
§
F. CARY FITCH D/B/A §
AFFORDABLE TELECOM, §
§
  Defendant. §

## MEMORANDUM AND ORDER

Plaintiff Southwestern Bell Telephone Company d/b/a AT&T Texas ("AT&T Texas") brings this lawsuit alleging that Defendant F. Cary Fitch d/b/a Affordable Telecom ("Affordable Telecom") has failed to pay for various services under the parties' contract.  Plaintiff also alleges that Defendant is not a "telecommunications carrier" under the relevant statute.  Defendant has filed a Motion to Dismiss or, in the Alternative, Defer to the Primary Jurisdiction of the Federal Communications Commission [Doc. # 6] ("Motion").  Plaintiff has filed a response [Doc. # 9].  Defendant filed no reply, and the Motion is now ripe for decision.  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the

Court concludes that the Motion should be **denied**.

## I.   <u>BACKGROUND</u>

On June 22, 2007, Affordable Telecom and AT&T Texas entered into a Two-Way CMRS Interconnection Agreement ("Contract"), which "called for the parties to interchange traffic for the purposes of offering telecommunications services (land-to-mobile and mobile-to-land) to their respective end users."[1]  In the months preceding the Contract, Affordable Telecom represented to the Federal Communications Commission ("FCC") that it would be providing not only "information services" but also "telecommunications services," such that it was entitled to "interconnection" under FCC rules.[2]  Plaintiff states that these representations by Defendant were key

---

[1]   Complaint [Doc. # 1], at 4, ¶ 3.11.

[2]   In previous litigation between Affordable Telecom and AT&T Texas, among other parties, the Fifth Circuit quoted the relevant definitions:

> Telecommunications service means "the offering of telecommunications for a fee directly to the public, or to such classes of users as to be effectively available directly to the public, regardless of the facilities used." 47 U.S.C. § 153(46).  Telecommunications is defined as "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." 47 U.S.C. § 153(43).  An information service offers the capability for "generating, acquiring, storing, transforming, processing, retrieving, utilizing, or making available information via telecommunications," but does not include providing telecommunications itself.  47 U.S.C. § 153(20).

*Fitch v. Public Util. Comm'n of Tex.*, 261 F. App'x 788, 790 n.3 (2008)
(continued...)

to Plaintiff's willingness to enter the Contract, and to the Texas Public Utility Commission's approval of the Contract.

Plaintiff alleges, however, that Affordable Telecom primarily provides dial-up internet access services to residential and/or business customers and that, although Affordable Telecom is a duly licensed Commercial Mobile Radio Service ("CMRS") provider, it provides "negligible, if any, CMRS services."[3] Plaintiff therefore alleges that Affordable Telecom's representations to Plaintiff and the FCC, namely, its representations that it would provide telecommunications services in addition to information services, were false. Based upon these allegations, AT&T Texas brings claims for declaratory judgment, violation of the Telcom Act, and fraud.

AT&T Texas further claims that Affordable Telecom has failed to pay for services under the Contract. AT&T Texas states that it provided facilities and services pursuant to the Contract and submitted charges to Affordable Telecom but that, despite repeated demands for payment, Affordable Telecom has refused to pay. AT&T Texas therefore brings claims for breach of contract, *quantum meruit*, and anticipatory breach.

---

[2]     (...continued)
        (quoting 47 C.F.R. § 51.100(b)).

[3]     Complaint, at 2, ¶ 3.1.

## II.    **RULE 12(b)(6) STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[4]  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[5]

The Supreme Court recently issued an opinion in *Ashcroft v. Iqbal*, elaborating on the civil pleading standards it announced in *Bell Atlantic Corporation v. Twombly*.[6] Under *Iqbal*, in order to survive a motion to dismiss in a civil case, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  The Court emphasized two "working principles" underlying its decisions in *Iqbal* and *Twombly*: first, while a court must accept as true all factual allegations in a complaint, the court need not accept a complaint's legal conclusions as true; second, a complaint must state a "plausible claim for relief" in order to survive

---

[4]      *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

[5]      *Id.*

[6]      *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Morgan v. Hubert*, 2009 WL 1884605 (5th Cir. July 1, 2009).

[7]      *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. 570).  *See Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true raise a 'right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).

a motion to dismiss.[8]

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[9]

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10]  Factual allegations are assumed to be true, even if doubtful in fact.[11]  When a complaint shows on its face that it is barred by an affirmative defense, it may be dismissed for failure to state a cause of action.[12]

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.  However, documents attached to a motion to dismiss may be considered by the court where the complaint refers to the

---

[8]     *Iqbal*, 129 S.Ct at 1949-50.

[9]     *Id.* at 1950.

[10]    *Id*. at 1949.

[11]    *Twombly*, 550 U.S. at 555; *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008).

[12]    *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

documents and the documents are central to the plaintiff's claim.[13]

### III.   ANALYSIS

AT&T Texas brings claims for declaratory judgment, violation of the Telecommunications Act of 1996 ("Telecom Act"),[14] fraud, breach of contract, *quantum meruit*, and anticipatory breach.  Defendant seeks dismissal of all claims or, in the alternative, deference to the jurisdiction of the FCC.

### A.   Claims Based on Alleged False Representations

### 1.   Declaratory Judgment

AT&T Texas seeks a declaratory judgment that: (1) Affordable Telecom is not a "telecommunications carrier" as defined by the Telecom Act; (2) Affordable Telecom is not offering "telecommunications services" as defined by the Telecom Act; and (3) because Affordable Telecom is not a "telecommunications carrier" offering "telecommunications services," it is not entitled to interconnection with AT&T Texas, as provided in the parties' Contract, under the Telecom Act.[15]

The Federal Declaratory Judgment Act provides in part:

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the

---

[13]    *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

[14]    47 U.S.C. § 151 *et seq.*

[15]    Complaint, at 7-8, ¶ 4.5.

rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.[16]

As is evident from the word "may," a district court has substantial discretion in deciding whether to entertain a declaratory judgment action.[17]   Fifth Circuit law provides three factors for district courts to consider in determining whether to adjudicate a declaratory judgment action: (1) whether the action is justiciable; (2) whether the court has authority to grant the relief; and (3) whether the court should exercise its discretion to decide the action based on the factors stated in *St. Paul Ins. Co. v. Trejo*.[18]

---

[16]     28 U.S.C. § 2201 (emphasis added).

[17]     *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

[18]     *AXA*, 162 F. App'x at 319 (citing *Trejo*, 39 F.3d 585); *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  The *Trejo* factors are as follows:

(1)     whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2)     whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3)     whether the plaintiff engaged in forum shopping in bringing the suit;
(4)     whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5)     whether the federal court is a convenient forum for the parties and witnesses;
(6)     whether retaining the lawsuit would serve the purposes of judicial economy;
(7)     whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel
(continued...)

AT&T Texas has, at this stage, satisfied the justiciability factor, because the dispute over whether Affordable Telecom is a telecommunications provider is a substantial controversy that "can presently be litigated and decided," rather than one that is "hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."[19]  It also has satisfied the second factor, as there is no evidence in the record of a state court action between the parties involving the same issues.[20]  As for the third inquiry regarding the *Trejo* factors, the Fifth Circuit has held "repeatedly" that each of the seven factors "*must* be examined *on the record* before a discretionary, nonmerits dismissal of a declaratory judgment action occurs."[21]  However, Defendant has not argued that any of these factors weigh in favor of

---

[18]      (...continued)
            state suit between the same parties is pending.

   *Trejo*, 39 F.3d at 590-91.  *See Am. Bankers Life Assurance Co. of Fla. v. Overton*, 128 F. App'x 399, 402 (5th Cir. 2005); *Sherwin-Williams*, 343 F.3d at 388.

[19]   *See AXA*, 162 F. App'x at 319 (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)) (internal quotation marks omitted); *Sherwin-Williams*, 343 F.3d at 387.

[20]   *AXA*, 162 F. App'x at 319-20; *Sherwin-Williams*, 343 F.3d at 387-88.

[21]   *Overton*, 128 F. App'x at 402 (citing *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *Trejo*, 39 F.3d at 590; *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 777 (5th Cir. 1993)) (emphasis original to *Overton*).

dismissal.[22]   Rather, Defendant argues that Plaintiff's claim should be dismissed because it is redundant of the relief sought in Plaintiff's other counts.[23]

Although AT&T Texas' claim for declaratory judgment may turn out to be redundant of other claims at a later stage of this litigation, Affordable Telecom has not demonstrated that dismissal at this early stage is warranted.  AT&T may proceed with this claim.

## 2.    Violation of the Telecom Act

AT&T Texas claims that Affordable Telecom is not a telecommunications carrier providing "telecommunications services" under the Telecom Act, and therefore that Affordable Telecom is not entitled to interconnect with AT&T Texas facilities pursuant to the Contract.   AT&T Texas further claims that Affordable Telecom's misrepresentation of its services violates the Act,[24] which provides for recovery of

---

[22]    Indeed, the *Trejo* factors address concerns of federalism, forum shopping, and efficiency, which do not appear to be in issue in this case because there is no evidence of a pending state action.

[23]    Motion, at 12-13 (citing *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 858 (C.D. Cal. 2004); *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 723 (E.D. Mich. 2005)).

[24]    *See* 47 U.S.C. § 201(b) ("All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is hereby declared to be unlawful.").

damages.[25]

Affordable Telecom does not challenge AT&T Texas' claim on the merits. Rather, Affordable Telecom  argues that the claim fails because AT&T Texas has alleged in its complaint that Affordable Telecom is not a telecommunications carrier but merely an information services provider, and that only common carriers are subject to claims under the Act.[26]

Affordable Telecom is correct that AT&T Texas has, in portions of its complaint, claimed that Affordable Telecom is *not* a telecommunications provider. Nevertheless, Affordable Telecom represented to the FCC that it *is* a telecommunications provider, and has presented no argument to the contrary in its filings with this Court.[27] AT&T Texas is permitted under federal procedural rules to

---

[25]    *See* 47 U.S.C. § 207 ("Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both remedies.")

[26]    Motion, at 7.

[27]    The Court notes that Affordable Telecom's Answer is not on file with the Court.  The Court's ECF system states that Affordable Telecom filed both an Answer and its Motion to Dismiss on June 18, 2009.  However, when filing its Answer, counsel for Affordable Telecom erroneously scanned in the Motion to Dismiss instead.  The Court's staff informed counsel of the error on July 29, 2009.

bring alternative pleadings, even if inconsistent.[28]  Therefore, dismissal of Plaintiff's claim is unwarranted at this stage.

### 3. Fraud

AT&T Texas claims that Affordable Telecom committed fraud when it represented to the FCC that it was a telecommunications provider.  Under Texas law, the elements of a fraud cause of action are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.[29]

Affordable Telecom argues that AT&T Texas' fraud claim fails under the heightened pleading standard of Rule 9(b)[30] because AT&T Texas has failed to state with particularity the circumstances constituting fraud, failed to specifically identify the type of facts allegedly omitted by Affordable Telecom, and has failed to allege that

---

[28]  FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); FED. R. CIV. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

[29]  *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

[30]  FED. R. CIV. P. 9(b).

Affordable Telecom intended that AT&T Texas act upon Affordable Telecom's representation.[31]

Rule 9(b) states:

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.[32]

Fifth Circuit precedent "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[33]  By the plain language of Rule 9(b)'s second sentence, however, intent may be allegedly generally.[34]

In this case, AT&T Texas has specifically pleaded that Affordable Telecom unambiguously represented that it was a telecommunications provider,[35] that this

---

[31]    Motion, at 6.

[32]    FED. R. CIV. P. 9(b).

[33]    *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (internal quotation marks and citations omitted).

[34]    *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

[35]    Complaint, at 3, ¶¶ 3.6, 3.7 (Affordable Telecom made representations to FCC when filing an informal complaint with the agency).

representation was false,[36] and that it was material because it induced AT&T Texas

to enter the Contract with Affordable Telecom.[37]   AT&T Texas also has alleged

damage.[38]   These allegations cover all elements of fraud other than Affordable

Telecom's intent and its knowledge that its representations were false.  These matters,

as stated above, may be pleaded generally,[39] and AT&T Texas has done so.[40]

Defendant's motion to dismiss the fraud claim is denied.

### B.   Claims Based on Alleged Nonpayment

#### 1.   Breach of Contract

AT&T Texas alleges that Affordable Telecom breached the Contract by failing

to pay for AT&T Texas' facilities and services.  In order to prevail on a breach of

contract claim, a plaintiff must establish (1) the existence of a contract, (2) the

performance or tender of performance by the plaintiff, (3) a breach by the defendant,

---

[36]   *Id*. at 9, ¶ 4.11.

[37]   *Id*. at 4, ¶ 3.10 (based on representations by Defendant, AT&T Texas permitted and the Texas Public Utilities Commission approved the parties' Contract).

[38]   *Id*. at 9, ¶ 4.12.

[39]   FED. R. CIV. P. 9(b); *Tuchman*, 14 F.3d at 1068.

[40]   *See* Complaint, at 3, ¶¶ 3.6-3.7 (Affordable Telecom filed an informal complaint with the FCC "insisting" that it be allowed to contract with AT&T Texas and clearly representing that it would be providing both telecommunications and information services); *id*. at 9, ¶ 4.15 (the falsity of the representations was known to Affordable Telecom at the time).

and (4) damages as a result of that breach.[41]

Affordable Telecom argues that Plaintiff's breach of contract claim fails on the first element because AT&T Texas has alleged elsewhere in its complaint that Affordable Telecom is not a telecommunications carrier, and that this allegation, if true, would render the Contract invalid.[42]

AT&T Texas agrees that both positions have been pleaded.[43]  AT&T Texas is, as noted above, permitted to plead in the alternative.[44]  Plaintiff's Response states that "*if* the Court determines that the defendant is a telecommunications provider, then plaintiff has plead a cause of action sounding in contract—that defendant has received services under the [Contract] for which he has not paid."[45]

---

[41]     *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).

[42]     Motion, at 8.

[43]     AT&T Texas has pleaded, in the context of its breach of contract claim,  that the parties' Contract is valid, that AT&T Texas performed its obligations by providing facilities and/or services to Affordable Telecom, and that Affordable Telecom has accepted the facilities and/or services and has refused to pay Plaintiff for the same. Complaint, at 10, ¶¶ 4.19-4.22.

[44]     FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); FED. R. CIV. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

[45]     Response, at 12 (citing Complaint, 5-6, ¶¶ 3.16-17; *id*. at 10-11, ¶¶ 4.18-22).

Defendant's motion to dismiss Plaintiff's claim for breach of contract is denied.

### 2.    *Quantum Meruit*

AT&T Texas pleads a *quantum meruit* claim in the alternative to its breach of contract claim.[46]   To recover under *quantum meruit* in Texas, AT&T Texas must prove that: (1) valuable services were rendered or materials furnished; (2) for Affordable Telecom; (3) which services and materials were accepted, used and enjoyed by Affordable Telecom; (4) under such circumstances as reasonably notified Affordable Telecom that AT&T Texas in performing such services was expecting to be paid by Affordable Telecom.[47]

Affordable Telecom argues that, in the event that the Court decides that the parties' contract is valid and enforceable, then Plaintiff's *quantum meruit* claim fails because *quantum meruit* cannot lie when the subject matter of the suit is subject of an express contract.[48]

As held above, federal procedural rules permit AT&T Texas to plead in the

---

[46]    Complaint, at 11, ¶ 4.24.

[47]    *See Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 606 (5th Cir.2000) (citing *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).

[48]    Motion, at 9.  *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).

alternative.[49] Although a party "generally cannot recover under *quantum meruit* when there is a valid contract covering the services or materials furnished," the party "may, however, seek alternative relief under both contract and quasi-contract theories."[50]

Defendant's motion to dismiss Plaintiff's *quantum meruit* claim is denied.

### 3.    Anticipatory Breach

AT&T Texas brings a claim for anticipatory breach to recover future amounts due under the Contract, claiming that, based on Affordable Telecom's refusal to pay since June 2007, it has reasonable grounds to believe that Affordable Telecom will continue to breach by refusing to pay.[51]

The Texas Supreme Court has long recognized the rule of anticipatory breach, which provides that "the repudiation of a contract before the time of performance has arrived amounts to a tender of breach of the entire contract and allows the injured party to immediately pursue an action for damages."[52]   In order to prevail on a claim for anticipatory breach under Texas law, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just

---

[49]    FED. R. CIV. P. 8(d)(2) & (3).

[50]    *Kellogg Brown & Root*, 166 S.W.3d at 740.

[51]    Complaint, at 11-12, ¶¶ 4.29, 4.30.

[52]    *Murray v. Crest Constr., Inc.*, 900 S.W.2d 342, 344 (Tex. 1995) (citing *Pollack v. Pollack*, 46 S.W.2d 292, 293 (Tex. Com. App. 1932)).

excuse for the repudiation; and (3) damage to the non-repudiating party.[53]

Affordable Telecom argues that the claim fails because AT&T Texas has not alleged that Defendant unequivocally renounced the parties' contract.[54]  However, Plaintiff's allegation that Defendant has failed to pay for two years clearly suffices to allege an "absolute repudiation."[55]

Defendant's motion to dismiss Plaintiff's claim for anticipatory breach is denied.

### C.   **Filed Rate Doctrine**

Affordable Telecom argues that Plaintiff's state law claims are barred under the filed rate doctrine.[56]  Under the doctrine, also known as the filed tariff doctrine, federal law preempts claims concerning the rate at which telecommunications services are to be offered.[57]  Rather, in situations when a carrier is required to file a tariff of its

---

[53]   *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004).

[54]   Motion, at 10-11.

[55]   Complaint, at 12, ¶ 4.30.  *See Gonzalez*, 394 F.3d at 394.

[56]   Motion, at 11 (arguing that AT&T Texas' claims for declaratory judgment, fraud, breach of contract, *quantum meruit*, and anticipatory breach are barred by the filed rate doctrine).   Although Defendant argues that the doctrine bars Plaintiff's declaratory judgment claim, this claim is brought under federal law and therefore is not subject to preemption.

[57]   *AT&T Co. v. Cent. Office Tel., Inc.*, 524 U.S. 214, 222 (1988); *ASAP Paging, Inc. v. CenturyTel of San Marcos, Inc.*, 137 F. App'x 694, 696 (5th Cir. 2005); *Access*
(continued...)

charges with the FCC, "the charges filed are the only charges that the carrier may lawfully assess."[58]   The goal of the doctrine is to prevent unreasonable and discriminatory charges by common carriers such as AT&T Texas.  The doctrine bars any claim regarding the reasonableness of rates, misrepresentation of rates, or inadequate services attached to the rates.[59]  In short, "'[t]he rights as defined by the tariff cannot be varied or enlarged by either contract or tort of the carrier.'"[60]

AT&T Texas is not, by this lawsuit, seeking to alter or amend the applicable filed rates or services, but rather to collect unpaid amounts that were charged to Affordable Telecom based upon the filed rate.  AT&T Texas brings no challenge to the rate or the services offered.  The mere fact that this lawsuit involves the filed rate does not mean that the suit is barred.  "The filed-rate doctrine precludes courts from deciding whether a tariff is reasonable, reserving the evaluation of tariffs to the FCC,

---

[57]   (...continued)
Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 711 (5th Cir. 1999).

[58]   *ASAP Paging*, 137 F. App'x at 696.  The Telecom Act requires common carriers such as AT&T Texas to file their rates with the FCC.  47 U.S.C. § 203(a) (common carriers must file their charges with the FCC and must show "the classifications, practices, and regulations affecting such charges").   The Act also makes it unlawful for the carrier to depart from this filed rate.  47 U.S.C. § 203(c).

[59]   *AT&T*, 524 U.S. at 222-23.  A second goal is preservation of the exclusive role of federal agencies in approving telecommunications rates, because rate-setting is a function that the agencies are more competent to perform. *Fax Telecommunicaciones, Inc. v. AT&T*, 138 F.3d 479, 489 (2d Cir. 1998).

[60]   *Id*. at 227 (quoting *Keogh v. Chicago & Northwestern R. Co*., 250 U.S. 156, 163 (1922)).

but it does not preclude courts from interpreting the provisions of a tariff and enforcing that tariff."[61]

The record before the Court contains no indication that Plaintiff's claims are barred by the filed rate doctrine. Defendant's motion to dismiss based on that doctrine is denied.

### D.    **Primary Jurisdiction Doctrine**

In the alternative to its claims for dismissal on the merits, Affordable Telecom argues that this action should be referred to the FCC because resolution of the dispute requires the agency's expertise.[62] Affordable Telecom does not refer to specific claims, but rather seeks dismissal of the entire case.

"The doctrine of primary jurisdiction applies either when a government agency has exclusive original jurisdiction over an issue within a case or when a court having jurisdiction wishes to defer to an agency's superior expertise."[63] For example, the

---

[61]    *Brown v. MCI Worldcom Network Servs.*, 277 F.3d 1166, 1171-72 (9th Cir. 2002). As noted in *Brown*, the Telecom Act specifically permits plaintiffs to seek relief in federal court. *See* 47 U.S.C. 207 ("Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission . . . or may bring suit . . . in any district court of the United States of competent jurisdiction . . .").

[62]    Motion, at 13.

[63]    *ASAP Paging*, 137 F. App'x at 697; *see Brown*, 277 F.3d at 1172.

doctrine is commonly applied when the reasonableness of the tariff rate is at issue.[64]

When, however, the issues before a court can be resolved by "using the plain language of the tariffs and the ordinary rules of construction," the court should adjudicate the case without referral to the agency.[65]   A district court should use its discretion and defer "only if the benefits of obtaining the agency's aid outweigh the need to resolve the litigation expeditiously."[66]   Factors to be considered in striking this balance include "how agency action will aid the litigation; whether the litigation involves conduct requiring continuing supervision by the agency; whether the issues to be litigated are unique to regulated industries; and whether proceedings already are pending before the agency."[67]

AT&T Texas' claims to recover the amounts allegedly unpaid by Affordable Telecom are unrelated to rate-setting, which is in the particular expertise of the FCC. Rather, to the extent Plaintiff's claims implicate the rate charged, they seek only to enforce it.   This matter is within the Court's conventional expertise.[68]

---

[64]     *Advance United Expressways, Inc. v. Eastman Kodak Co.*, 954 F.2d 1348, 1353 (5th Cir. 1992).

[65]     *Id.*

[66]     *Gulf States Util. Co. v. Ala. Power Co.*, 824 F.3d 1465, 1473 (5th Cir. 1987).

[67]     *Id.*

[68]     *See Brown*, 277 F.3d at 1171-72.

Affordable Telecom also argues that deferral to the FCC is necessary so that the agency can determine whether CMRS providers have the right to use an interconnection agreement to support not only traditional mobile services but also information services, and that the agency should determine, as a matter of policy, how much telecommunication service an entity must provide before it can also provide information service.[69]  Whether or not this argument for deferral has merit, the Court is not persuaded at this time that these issues are present in this case.  According to Plaintiff's allegations, Affordable Telecom unambiguously represented to the FCC that it *was* providing telecommunications services, and the parties entered into the Contract in reliance on those representations.  Based on these facts, Plaintiff has brought claims clearly within the conventional expertise of this Court, such as breach of contract and fraud.[70]  Because the record at this stage of the litigation does not indicate that the FCC's expertise will be necessary to resolve the dispute, and based on the "need to resolve the litigation expeditiously," the *Gulf State* factors weigh against deferral of this action.[71]

## IV.   **CONCLUSION**

---

[69]     Motion, at 14.

[70]     As noted above, Affordable Telecom's primary jurisdiction argument does not address Plaintiff's claims individually, but instead argues that the entire case should be deferred.

[71]     *See Gulf States*, 824 F.3d at 1473.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, Defer to the Primary Jurisdiction of the Federal Communications Commission [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this 5th day of **August, 2009**.

Nancy F. Atlas
United States District Judge